WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN BORMAN, | ) |
| Plaintiff, | ) |
| vs. | ) |
| COREY POTTER et al., | ) |
| Defendants. | ) No.3:23-cv-0011-HRH |

O R D E R

Amended Motion for Partial Summary Judgment

Before the court is plaintiff's *Seaman's Amended Motion for Partial Summary Judgment on His Entitlement to Maintenance, Cure, Unearned Wages, and Request for Attorney Fees*.[1] The motion is opposed by the defendants.[2] Plaintiff replied,[3] and arguably raised new issues to which defendants responded in a sur-reply.[4]

This seaman's action for maintenance, cure, and wages was commenced in the United States District Court for the Western District of Washington. By joint stipulation

---

[1]Docket No. 25.

[2]Docket No. 28.

[3]Docket No. 32.

[4]Docket No. 34. Defendants did not seek leave to file a sur-reply. See Local Civil Rule 7.1(c) and (d). The court has considered plaintiff's reply and defendants' sur-reply as discussed below.

ORDER – Amended Motion for Partial Summary Judgment - 1 -

and order of the Western District of Washington court,[5] the case was transferred to the District of Alaska.

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. "'[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.'" Arandell Corp. v. Centerpoint Energy Services, Inc., 900 F.3d 623, 628-29 9th Cir. 2018) (quoting T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987)).

Although there are some disagreements as to the facts of this case, the facts material to a disposition of plaintiff's motion for summary judgment are not in dispute.

In May of 2022, plaintiff resided in Guatemala.[6] He was recruited by defendant Corey Potter to serve as master of the F/V KNOT E Z.[7] Defendant acknowledges that

---

[5]Docket No. 11.

[6]Deposition of John Borman (Apr. 13, 2023) at 7 of 20, n.4, Docket No. 25-1.

[7]Id. at 2-3 of 20; and email exchange at 2-3, Docket No. 32-1.

ORDER – Amended Motion for Partial Summary Judgment - 2 -

"John Borman was to be the Captain of the vessel KNOT EZ for the summer of 2022."[8] Plaintiff's engagement as master of the F/V KNOT E Z was never reduced to writing.[9]

On June 8, 2022, plaintiff went to a Seward, Alaska, emergency room because he had observed blood in his urine on June 7 or 8, 2022.[10] At the ER, plaintiff was directed to consult a urologist.[11] It appears that plaintiff did not return to the F/V KNOT E Z. Ultimately, plaintiff received medical treatment in Bellingham, Washington,[12] where he was cleared to return to duty as a seaman on September 25, 2022.[13]

Discussion

Because the F/V KNOT E Z was in dry dock, plaintiff and defendants agree that they were under no obligation to reduce plaintiff's employment to a written contract.

There is disagreement between the parties as to when plaintiff arrived at the vessel in Seward, Alaska. Mr. Potter says that plaintiff arrived at the vessel on the evening of June 6, 2022.[14] Plaintiff says that he was either in Anchorage, Alaska, waiting to be driven to Seward, Alaska, by plaintiff's office manager or was in Seward, Alaska, on June 4 or 5, 2022.[15] What is relevant here is that there is no dispute about the fact that

---

[8]Docket No. 30 at 4.

[9]Deposition of John Borman (Apr. 13, 2023) at 4 of 20, Docket No. 25-1.

[10]Id. at 10-11 of 20.

[11]Id. at 12 of 20.

[12]Id. at 13 of 20.

[13]Id. at 17-18 of 20.

[14]Docket No. 30 at 4, ¶ 2.

[15]Deposition of John Borman (Apr. 13, 2023) at 6-7, Docket No. 25-1, and Declaration of John Borman (Aug. 3, 2023) at 1, ¶ 3, Docket No. 33.

ORDER – Amended Motion for Partial Summary Judgment - 3 -

plaintiff reported to the F/V KNOT E Z pursuant to his contract with defendants on either June 5 or 6, 2022.

"One who assumes the duties of a seaman is entitled to wages and maintenance and cure if sick or injured in the service of the vessel without willful misbehavior on his part. He attains the status of a seaman when he has been engaged by the master or owner even though the articles may not as yet have been signed." Force & Norris, 2 The Law of Seamen § 26:36, "Beginning Maintenance and Cure" (5th ed.) Here, plaintiff was engaged by the owner of the F/V KNOT E Z to serve as its master. Plaintiff attained the status of a seaman with respect to the F/V KNOT E Z. Plaintiff is not accused of any misbehavior.

It is undisputed that plaintiff first observed blood in his urine on June 7 or 8, 2022, and that he went to a Seward, Alaska, emergency room on June 8. Medical records show that ER technicians were advised that plaintiff had experienced a medical problem three days before June 8, 2022. In his declaration, plaintiff avers that he is:

> ...not sure what exact day my urinary tract problems started, I am sure that it began after I arrived in Seward, AK to start work on the M/V Knot E Z. I cannot explain the June 8, 2022 chart note from the emergency room in Seward, AK stating that I had the problem for three days.[16]

The exact date of the origin of plaintiff's urinary problem is not material. What is material, and undisputed, is that plaintiff first sought medical care on June 8, 2022.

"He [a seaman] becomes entitled to ... maintenance and cure from the time that he first made expenditures or incurred liability for medicines, nursing, medical care, etc." Force & Norris, 2 The Law of Seamen § 26:36, "Beginning Maintenance and Cure" (5th ed.)

---

[16]Declaration of John Borman (Aug. 3, 2023) at 1, ¶ 3, Docket No. 33.

ORDER – Amended Motion for Partial Summary Judgment                    - 4 -

Plaintiff was entitled to maintenance and cure for medical care from June 8, 2022, through September 25, 2022, when plaintiff was cleared to return to work.

The parties disagree as to whether plaintiff performed any work after reporting to the F/V KNOT E Z. Plaintiff avers that:

> ...I asked Corey [Potter] specifically if there were specific things he wanted me to do. . . .[h]is words were, well, you're the skipper; you need to manage the boat. Your job is to talk on the radio and manage the crew and run the boat. So familiarize yourself with the boat.
>
> That was what he instructed me to do, which is what I did and what I would have done anyway. And I went into the pilothouse and, you know, studied all the maps and logbooks and whatever was available to familiarize myself with all the equipment.[17]

In his declaration, Mr. Potter says that: "Mr. Borman did not at any time perform any duties typically and customarily performed by a vessel Master. He was only aboard the vessel for a few hours and during that time undertook no job duties whatsoever."[18]

This disagreement is not material to the disposition of plaintiff's wage claim. It is undisputed that plaintiff was engaged by defendants to serve as the master of the F/V KNOT E Z. It is undisputed that plaintiff traveled from Guatemala and reported to the vessel at Seward, Alaska, in furtherance of his engagement by defendants as a seaman. Plaintiff may have failed to perform as defendants had expected; but plaintiff was not terminated. In light of the fact that plaintiff was engaged to serve as master of the F/V KNOT E Z, his performance (or lack thereof) while the vessel was in dry dock does not absolve defendants from paying wages to plaintiff.

---

[17]Deposition of John Borman (Apr. 13, 2023) at 9-10 of 20, Docket No. 25-1.

[18]Declaration of Corey Potter (July 21, 2023) at 4 of 4, ¶ 4, Docket No. 30.

ORDER – Amended Motion for Partial Summary Judgment - 5 -

Plaintiff is entitled to wages from the date he is determined to have arrived at Seward, Alaska, to the September 25, 2022, date on which he was cleared to return to duty as a seaman.

Plaintiff seeks an award of attorney fees because defendants did not pay plaintiff's maintenance and cure costs. As defendants recognize, attorney fees can be awarded in a maintenance and cure case if maintenance and cure was wrongfully withheld for reasons that are deemed arbitrary, capricious, or in bad faith. Morales v. Garjak, Inc., 829 F.2d 1355, 1358 (5th Cir. 1987). On the present record, the court is unpersuaded that plaintiff is entitled to attorney fees as a matter of law. The question of whether or not defendants' withholding of maintenance and cure was wrongful has not been adequately developed in the briefing.

Plaintiff's motion for summary judgment is granted in part and denied in part. Plaintiff is entitled to maintenance and cure from June 8, 2022, to September 25, 2022, and is entitled to wages in an amount yet to be determined from the date on which plaintiff arrived at Seward, Alaska, to September 25, 2022. Summary judgment on the issue of attorney fees is denied.

DATED at Anchorage, Alaska, this  21st  day of August, 2023.

/s/   H. Russel Holland
United States District Judge